**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**GEORGE E. PAYNE and**
**ASHLEY N. SEARS PAYNE,**

**Plaintiffs,**

**v.** **Civil Action No. 2:21-cv-00402**

**TOWNSEND TREE SERVICE CO., LLC,**
**an Indiana LLC; and THE TOWNSEND**
**CORPORATION, an Indiana Corporation,**

**Defendants.**

# COMPLAINT

Plaintiffs, George E. Payne and Ashley N. Sears Payne, husband and wife, by counsel, hereby state and allege as follows for their Complaint against the defendants:

## PARTIES

1. At all times relevant hereto, plaintiffs, George Payne and Ashley Payne, husband and wife, are and were, residents and citizens of Wayside, Monroe County, West Virginia.

2. The defendant, Townsend Tree Service Company, LLC ("Townsend Tree Service") is an Indiana limited liability company authorized to do business in the State of West Virginia. Defendant Townsend Tree Service is, and at all times relevant herein was, a vegetation-management and tree service company engaged in the business of providing power line clearance and other tree and vegetation management services to various utilities, including Mon-Power, and property owners in the Southern District of West Virginia. As plaintiff George Payne's employer, defendant Townsend Tree Service, at all times relevant hereto, was required to provide a safe workplace and environment to all its employees and to comply with the provisions of the United States Department of Labor, Occupational Health and Safety Administration ("OSHA") safe

workplace regulations, ANSI standards, including ANSI Z133 (Safety Requirements for Arboricultural Operations), as well as commonly accepted and well-known industry safety standards in the vegetation management, utility line clearance, and tree trimming/service industries.

    3.    The defendant, The Townsend Corporation ("Townsend Corporation") is an Indiana corporation authorized to do business in the state of West Virginia. At all times relevant herein, defendant Townsend Corporation transacted and conducted business in the Southern District of West Virginia. Defendant Townsend Corporation, at all times relevant, provided a wide range of services, expertise, and innovative technology to its specialized core markets, including vegetation management, tree service, power line clearance, herbicide package and application, electric utility line construction, storm damage relief, and the manufacturing, installation and maintenance of custom control panels. At all times relevant hereto, defendant Townsend Tree Service was an affiliated and subsidiary company of defendant Townsend Corporation. Defendant Townsend Corporation, at all times relevant, provided safety, training, management, supervision, oversight, consulting, engineering, and other support services in the Southern District of West Virginia to defendant Townsend Tree Service, a separate affiliated company that employed plaintiff George Payne on July 19, 2019. In doing so, defendant Townsend Corporation had authority over and control of the workplace and workplace safety for defendant Townsend Tree Service and was involved in their operations in the Southern District of West Virginia, including the work being performed on July 19, 2019, at the time of the subject incident giving rise to this cause of action. As such, defendant Townsend Corporation is, and at all times relevant herein was, required to provide a safe workplace and environment to defendant Townsend Tree Service's employees, and to comply with the provisions of the United States Department of Labor,

Occupational Health and Safety Administration ("OSHA") safe workplace regulations, ANSI standards, including ANSI Z133 (Safety Requirements for Arboricultural Operations), as well as commonly accepted and well-known industry safety standards in the vegetation management, utility line clearance, and tree trimming/service industries, including defendant Townsend Corporation's own company safety policies and procedures.

**JURISDICTION and VENUE**

4. This Court has original jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of costs and interest, and involves citizens of different states.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1931(a) in that a substantial portion of the events giving rise to the claims herein took place within the Southern District of West Virginia, specifically near Craigsville, Nicholas County, West Virginia.

6. Jurisdiction and venue are also proper before this Court pursuant to W. Va. Code§23-4-2(e) and §56-3-33, in that the events giving rise to this cause of action and/or a substantial portion thereof occurred/arose in Nicholas County, West Virginia; defendants transact and conduct business in the Southern District of West Virginia, and specifically in Nicholas County; defendants caused tortious injury by act(s) and/or omission(s) in the Southern District of West Virginia; and plaintiffs are citizens of West Virginia.

**FACTS**

7. At all times relevant, plaintiff George Payne was employed by defendant Townsend Tree Service as a foreman/crew leader of a climbing crew. Plaintiff's crew consisted of only himself and two (2) other climbers, who were also employed by defendant Townsend Tree Service. While plaintiff was a foreman, he had never climbed before going to work for defendant Townsend

Tree Service. Plaintiff only worked for defendant Townsend Tree Service for approximately a year and five months on July 19, 2019, when he was injured.

8. At all times relevant, plaintiff's immediate supervisors were general foreman, Chucky Adkins, and supervisor, Richard Ore.

9. At all times relevant, defendant, The Townsend Corporation, as the parent company of defendant, Townsend Tree Service, provided safety, training, management, supervision, oversight, consulting, engineering, and other support services to defendant, Townsend Tree Service and its employees, including plaintiff George Payne, related to its tree service and power line clearance work. As such, defendant The Townsend Corporation is, and at all times relevant was, responsible for providing safe working conditions for employees of defendant Townsend Tree Service, including plaintiff George Payne.

10. Defendant, The Townsend Corporation, as part of its mission, states that safety is its "most important" and "number one" core value. Defendant, The Townsend Corporation, states that its commitment to safety "emanates" from the highest levels of corporate management throughout the entire organization. According to its website, defendant, The Townsend Corporation's safety strategies include, daily and weekly communications to all employees on safety issues; a zero tolerance policy on drug abuse, driving records, and employee documentation; positive reinforcement of proper safety behavior that include incentives and awards; weekly management conferences on safety issues; dedicated safety training professionals supporting ongoing education for new and current employees; and regular meetings with clients to review performance, issues and performance metrics.

11. Defendant, The Townsend Corporation, as part of its safety program, has written company policies/procedures specifically applicable to the work plaintiff and his crew were

assigned to perform on and prior to July 19, 2019, including but not limited to, job briefings; pre-climbing inspections; climbing techniques; preventing falls – 2 points of contact; job site setup; forces in rigging; head and face protection; climbing saddles, ropes and spurs; and tree removal, pruning and trimming.

12. Despite defendant, The Townsend Corporation's written safety program and statement that safety is the company's number one and most important core value, defendants did not implement its safety program in the field. For example, defendant, The Townsend Corporation's policy entitled "Preventing Falls, 2 Points of Contact" states, "[a]lways be tied in to the tree with at least two points of attachment when operating in a tree with a hand saw or chain saw. The intent of two attachments is to prevent a fall if the climbing line is accidently severed." Despite this policy, defendants did not require, instruct, and/or train its climbing employees, including Mr. Payne and his crew, to maintain two attachments or 200% tie off when descending a tree. This specific unsafe working condition and practice exposed Mr. Payne and the other climbers to a dangerous fall hazard and a high degree of risk and strong probability of serious injury or death.

13. In addition, plaintiff George Payne never received formal safety training (class, simulation, power-point, video, etc.) from defendants with respect to proper climbing – tie off techniques; equipment inspections and care; tree inspections; and how to conduct a proper job briefing/hazard assessment. Any training or instruction plaintiff received would have come from observing an experienced employee and/or on the job.

14. Approximately a couple of months prior to July 19, 2019, defendants and upper management made the decision to change the type of climbing rope used by defendant Townsend

Tree Services and its employees.[1]  Upper management and safety came out to the job location and issued new climbing ropes to plaintiff and his crew, and told the crew this is your new climbing rope which you will utilize from now on.  The True-Blue ropes, which plaintiff and his crew members learned on, were comfortable with and accustomed to, and had utilized since plaintiff had been employed with defendant, were removed by upper management and safety from the job.

15.     Despite issuing new climbing ropes, which were of a different material, type, and make-up, defendants provided no instruction or training to their climbers, including plaintiff and his crew, with respect to the proper use, care, maintenance, lifespan, inspection, and manufacturer specifications/recommendations of the new climbing rope.  No literature, brochures, pamphlets, instructions, or manufacturer recommendations/guidelines were provided.  The failure to train plaintiff and his crew members with respect to the new climbing rope also created a specific unsafe working condition with a high degree of risk and strong probability of serious injury or death, as plaintiff and his crew were expected and required to use these new ropes to climb, descend and maneuver in trees, exposing them to serious and deadly fall hazards.

16.     Prior to July 19, 2019, plaintiff, his crew members, and other climbers made regular complaints to defendants' upper management and safety concerning the new climbing ropes.  Plaintiff and his crew's specific complaints mostly centered around the new rope being difficult to use, especially when descending a tree, that it would wind up and tangle due to the way it was made and the resulting friction.  Plaintiff and his crew, as well as other climbing crews upon information and belief, requested the old True-Blue ropes back, but defendants refused.

17.     It was common knowledge that while the climbing ropes came in a plastic package, they were not newly ordered and made.  Defendants had a storage location they utilized which

---

[1] Upon information and belief, defendants switched from the True-Blue climbing rope to a green fluorescent Hawkeye climbing rope, which was of a different material and make-up.

contained supplies, including climbing ropes, where the products would be stored away for month(s) and year(s) before use.

18. On a date prior to July 19, 2019, defendants contracted with Mon-Power to provide vegetation management, tree trimming/removing, and power line/right-of-way clearance services on Mon-Power owned/operated power lines and rights-of-way throughout southern West Virginia, including on or near Landfill Road in Craigsville, Nicholas County, West Virginia, where Mr. Payne was injured on July 19, 2019.

19. Defendants were required to comply with all applicable OSHA safety regulations, industry safety standards, company safety standards, and Mon-Power safety policies while working on Mon-Power locations.

20. At all times relevant and specific to the work assignment being performed at the time of the events giving rise to this cause of action, plaintiff and his crew were assigned and instructed to provide and ensure 15 feet of power line clearance on the right-of-way for Mon-Power. In order to accomplish this task, plaintiff and his crew were required to fell and trim various trees and vegetation while working from an elevated position using personal fall arrest and protection equipment over very remote, steep and mountainous terrain.

21. On July 19, 2019, plaintiff and his two-person crew were working on a Mon-Power owned/operated power line and right-of-way near Landfill Road, Craigsville, Nicholas County, West Virginia. Plaintiff and his crew were short-staffed as always, with a three (3) person total crew. As such, each climber did not have his/her own spotter on the ground, maintaining visual and audio communication with the climber and his equipment at all times, as required by safety regulations and industry standards. On July 19, 2019, one of plaintiff's crew members was sick and not feeling well. While the ill crew member reported to work, plaintiff and the other crew

member climbed on this day. The ill crew member attempted to spot both plaintiff and the other crew member from the ground. This task was very difficult, if not impossible for one person to effectively accomplish, as plaintiff and the other climber were in separate trees at all times. This also created a specific unsafe working condition with a high degree of risk and strong probability of serious injury or death. Prior to climbing, plaintiff inspected the tree he was preparing to climb as well as his equipment, including climbing rope. Plaintiff ascended the first tree of the day to approximately 60 feet, attached his green climbing rope and began work. After plaintiff finished cutting limbs and branches from this tree, he immediately turned his chain saw off and started to descend the tree. After unhooking his lanyard in conformity with defendants' prior instruction, training, and common practice, plaintiff recalls taking three (3) or four (4) steps down the tree, and then falling 40 to 50 feet to the ground below suffering serious, life threatening, permanent, and disabling injuries.

22. Plaintiff was taken by ambulance to a landing location where he was then life-flighted to Charleston Area Medical Center (CAMC) in Kanawha County, West Virginia. Plaintiff sustained several catastrophic life-threatening permanent and disabling injuries which have resulted in numerous surgical procedures and operations. Plaintiff's injuries include but are not limited to, C5 right laminar fracture, left rib fractures, T12 fracture, three column lumbar spine fracture of L3 vertebral body burst fracture, L1 vertebral body burst fracture, multiple lumbar spine transverse process fractures, inferior sacral and coccyx fracture, retroperitoneal contusion and hematoma, colon contusion, sternal and manubrium fracture, elevated troponin, retrosternal hematoma, left tibial plateau fracture, left 4th metacarpal fracture, T12–L4 posterior stabilization, autograft fusion of T12-L1, and L1-L2, L2-L4 laminectomy, repair of dural tear. Plaintiff was hospitalized initially at CAMC from July 19, 2019, through July 30, 2019. Almost two (2) years

post incident, plaintiff is still undergoing surgical procedures, operations, rehabilitation, treatment, therapy, medications and medical care for the injuries he sustained on July 19, 2019.  Plaintiff will continue to receive medical care for the remainder of his life related to these injuries.

23.     Despite being life-flighted and hospitalized for several days with serious injuries, defendants did not immediately or within 24 hours notify OSHA of this severe workplace injury as required by mandatory OSHA reporting requirements.  As such, OSHA was never put on notice of this incident and deprived of its opportunity to inspect and investigate plaintiff's incident and injury.

24.     In the days and weeks following the incident, plaintiff heard from co-workers that his climbing rope failed, and management stated the incident was the result of equipment failure. Plaintiff further learned that defendants' management, in the days and/or weeks immediately following the incident, directed that plaintiff's climbing rope be thrown away and discarded.  As a result, defendants intentionally spoliated critical evidence directly relevant to the prosecution of this case and claims made against the defendants.

25.     Plaintiff also learned following his incident that there had been multiple Townsend Tree Service employees fall from trees and elevated positions, both prior to and following plaintiff's incident.

26.     As a direct and proximate result of the actions, omissions, and conduct of the defendants, on and before July 19, 2019, plaintiff George Payne sustained the serious and permanently disabling injuries described herein, and he has further sustained the following past, present and future damages:

       a.     extreme physical pain and suffering;

       b.     extreme mental anguish and suffering;

  c. permanent physical impairment;

d. loss of wages and benefits;

e. loss of future earning capacity and benefits;

f. loss of capacity to enjoy life;

g. medical expenses past and future;

h. permanent scarring and disfigurement;

i. permanent physical impairment;

i. permanent psychological impairment; and

i. annoyance and inconvenience.

**COUNT I**
**DELIBERATE INTENT - W. VA. CODE § 23-4-2(d)(2)(B)**
**DEFENDANT TOWNSEND TREE SERVICE, LLC**

27. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 26 of this Complaint as if set forth herein verbatim.

28. On and prior to July 19, 2019, defendant Townsend Tree Service, LLC violated W. Va. Code § 23-4-2(d)(2)(B), in that:

i. A specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

ii. Defendant, Townsend Tree Service, LLC, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition(s) and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition(s);

iii. That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of defendant Townsend Tree Service, LLC;

iv. That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, Defendant Townsend Tree

     Service, LLC, through its management and plaintiff's supervisors, nevertheless intentionally thereafter exposed plaintiff George Payne to the specific unsafe working condition(s); and

v. That George Payne suffered serious compensable injury as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition(s).

29. In support of the plaintiff's allegations as to the existence of specific unsafe working conditions and violations of relevant safety statutes, regulations, and industry safety standards as a contributing cause of plaintiff's injuries, plaintiff will serve with the Complaint a verified statement of a workplace safety consultant/expert, pursuant to W. Va. Code 23-4-2(d)(2)(C)(i).

30. As a direct and proximate result of defendant Townsend Tree Service, LLC's actions and omissions, on and prior to July 19, 2019, the plaintiff, George Payne, sustained severe and permanent injuries and damages described herein.

**COUNT II**
**NEGLIGENCE – UNSAFE WORKPLACE**
**DEFENDANT, THE TOWNSEND CORPORATION**

31. The plaintiffs repeat and incorporate by reference, the allegations contained in paragraphs 1 through 30 of this Complaint as if set forth herein verbatim.

32. Defendant, The Townsend Corporation, is the parent and affiliate company of defendant, Townsend Tree Service, plaintiff George Payne's employer. Defendant Townsend Corporation, through its own employees, agents, representatives, provided safety, training, management, supervision, oversight, consulting, engineering, and other support services to defendant, Townsend Tree Service. As such, through its own actions and conduct, defendant Townsend Corporation had a duty to provide a safe workplace and work environment to employees of defendant, Townsend Tree Service, including the plaintiff, George Payne. Defendant Townsend

Corporation's duty further included the duty of reasonable and ordinary care to provide a safe workplace and work environment, safe equipment, to adopt and implement safe work practices and procedures, and to ensure that employees of defendant, Townsend Corporation, were adequately trained to perform their assigned work tasks.

33. Defendant Townsend Corporation, through its own actions and conduct, and agents, representatives and/or employees, negligently breached its duties to plaintiff by failing to provide and/or ensure a safe workplace and work environment; failing to ensure that plaintiff and his crew were sufficiently trained and instructed with respect to its equipment and specifically the newly introduced climbing rope; failing to ensure that plaintiff and his crew were sufficiently staffed so each climber had a spotter who could effectively watch him/her and his/her equipment/climbing rope; failing to ensure that plaintiff was sufficiently and adequately trained to safely perform his assigned work tasks; failing to implement an appropriate safety plan prior to plaintiff and his crew commencing work; failing to have and/or implement adequate procedures for effectively inspecting safety equipment, including climbing ropes; failing to ensure the worksite was adequately assessed to identify hazards; failing to implement a plan to appropriate and safely climb and/or descend trees; failing to comply with its own company safety policy to maintain two (2) points of attachment or tie off at all times; failing to provide appropriate fall protection equipment; failing to take action with respect to complaints made regarding the new climbing rope; failing to comply with safety regulations, industry standards and company policies specifically applicable to the work being performed on July 19, 2019; failing to ensure that OSHA and proper agencies were notified of the subject incident so they could inspect and investigate the incident; and failing to ensure that critical evidence be maintained directly relevant to plaintiff's incident.

34. As a direct and proximate result of defendant Townsend Corporation's negligence, plaintiff George Payne sustained the severe and permanent injuries and damages described herein.

**COUNT III**
**SPOLIATION**
**DEFENDANTS**

35. The plaintiffs repeat and incorporate here by reference the allegations contained in paragraphs 1 through 34 of this Complaint as if set forth herein verbatim.

36. Defendants, by and through their own employees, representatives and/or agents, intentionally destroyed and/or significantly altered potentially critical evidence in the form of plaintiff's company issued climbing rope which plaintiff was utilizing at the time of plaintiff's serious injury on July 19, 2019.

37. Despite mandatory requirements to report the subject July 19, 2019, incident to OSHA within 24 hours, defendants, The Townsend Corporation and/or Townsend Tree Service, deliberately, intentionally and recklessly failed to timely report it in accordance with mandatory OSHA safety requirements. By failing to timely report the subject incident, OSHA was deprived the opportunity to investigate the subject incident, determine its cause and contributing factors, and recommend or order appropriate corrective action for the health and safety of the workers.

38. Defendants' deliberate, intentional and willful acts were intended to destroy and eliminate relevant evidence directly involved in the subject July 19, 2019, incident and to avoid an inspection and investigation by OSHA authorities which would have provided evidence of unsafe work conditions, practices and/or hazards resulting in orders/citations related thereto, and/or to cease current operations until such hazards have been adequately addressed, thus decreasing defendants' profits.

39.     Defendants had exclusive control of the equipment involved and area surrounding the location of the subject July 19, 2019 incident.  By throwing away the equipment (climbing rope) involved in the subject incident and failing to timely report the subject incident pursuant to mandatory OSHA laws, defendants substantially prejudiced the plaintiffs, in that they, like OSHA, are unable to have a complete and accurate investigation of the circumstances surrounding plaintiff George Payne's serious injuries performed by proper regulatory authorities.  Specifically, the actions of the defendants clearly prejudice and prohibited plaintiffs and other potentially interested parties and workers access to evidence which would be vital to proof of certain requirements of the West Virginia deliberate intent statute.  These actions were undertaken with the intent to interfere with or destroy/eliminate any access to relevant information and evidence.  Nevertheless, defendants made the deliberate and conscious decision to not report the subject incident to OSHA and to throw away and discard of plaintiff's climbing rope, in order to avoid a full-scale investigation by OSHA, so as to conceal any wrongdoing and avoid any additional safety measures that would slow down production.

40.     Pursuant to the West Virginia Supreme Court of Appeals decision in *Hannah v. Heeter*, 213 W. Va. 704, 584 S.E.2d 560 (2003), plaintiffs plead in the alternative that:

- a potential civil action existed for George Payne once and at the defendants made the decision to discard and throw away the subject climbing rope and failed to timely report the subject incident to OSHA;

- Defendants possessed knowledge of a potential civil action and the importance of having "no knowledge or evidence" of adverse or unsafe work conditions/practices;

- Defendants willfully destroyed critical evidence directly involved in the subject July 19, 2019 incident;

- the destroyed and spoliated evidence is critical to plaintiffs' ability to prevail in this civil action;

- defendants' intent in destroying the evidence was to defeat plaintiffs' ability to prevail in this civil action;

- in the alternative, should plaintiffs not prevail on either of Counts I, and/or II above, had the evidence not been spoliated, plaintiffs would have prevailed; and

- plaintiff George Payne suffered compensable serious, and catastrophic injuries as a result of the spoliated evidence.

41. The acts of defendants, as set forth herein, clearly show the defendants' attempt to destroy material evidence and avoid a full-scale inspection and investigation by plaintiffs and potential state and/or federal agencies. These acts are of such a nature that the plaintiffs should be entitled to an adverse inference jury instruction or other sanctions or relief as the Court deems just and proper.

## COUNT V
## LOSS OF CONSORTIUM

42. The plaintiffs repeat and incorporate here by reference, the allegations contained in paragraphs 1 through 41 of this Complaint as if set forth herein verbatim.

43. As a further direct and proximate result of the conduct and actions of the defendants as described herein, the plaintiff, Ashley Payne, has been deprived of the loss of society, companionship, and consortium of her husband, George Payne.

WHEREFORE, the plaintiffs, George Payne and Ashley Payne, demand judgment against the defendants for:

a.) an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

b.) an amount of punitive damages determined by a jury according to the laws of the State of West Virginia;

c.) costs and attorney fees expended in prosecution of this matter;

d.) pre-judgment and post-judgment interest as provided under the law; and

e.) any and all other relief to which the Court deems plaintiff is entitled.

**PLAINTIFFS DEMAND A JURY TRIAL.**

GEORGE E. PAYNE and
ASHLEY N. SEARS PAYNE,

By Counsel,

*/s/ J. Ryan Stewart*
J. Ryan Stewart (WVSB #10796)
BAILEY JAVINS & CARTER, L.C.
213 Hale Street
Charleston, West Virginia 25301
Phone: (304) 345-0346
Fax: (304) 345-0375
rstewart@bjc4u.com